VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH

MICHAEL R. HARRIS,

    Plaintiff,

v.

                      CASE NO: CL08-214

7-ELEVEN, INC.
t/a 7-Eleven #33385
f/k/a/ Southland Corporation,

    Defendant.

## DEMURRER

NOW COMES the defendant, by counsel, and for its demurrer to the complaint states that said complaint is deficient as a matter of law as the complaint on its face, when incorporating by reference Exhibit A to same, establishes that the defendant's employee recorded on the receipt forwarded to the police the license plate number of the vehicle involved in the drive-off, which license plate number is believed to be that of the plaintiff's vehicle, and consequently the defendant had probable cause, and lack of probable cause is an essential element of a purported cause of action for malicious prosecution. Baker v. Elmendorf, 271 Va. 474, 476, 628 S.E. 2d 358, 359 (2006).

Defendant thus moves the complaint be dismissed with prejudice.

## ANSWER

NOW COMES the defendant, by counsel, and, without waiving its demurrer, for its answer to the complaint filed against it states as follows:

1. Admitted on current information and belief.

2. In response to the allegations in the first sentence of this paragraph, it admits only that it is

- 1 -

incorporated under the laws of the State of Texas, and only admits it operates a store at the address given. It admits the allegations of the second sentence. All other allegations in this paragraph are denied.

3. Admitted.

4. The allegations of the first sentence are admitted to the extent it applies to the store at the address referenced in paragraph 2. With respect to the allegations in the second sentence, it is admitted only that Mr. Stevens noticed the drive-off, but the balance of the allegations are denied.

5. It is admitted only that the store policy is that when a customer presses the button at the gas island that he or she is going to pay inside for the gas which is to be pumped, the clerk is to record the license plate number of the vehicle and, if possible, the make and model of the vehicle. Any other allegations in this paragraph are denied.

6. As to the allegations in the first sentence, it is admitted only that the document speaks for itself. The allegations in the second sentence are denied.

7. Unknown at this time.

8. Unknown at this time.

9. The truth of the allegations of the first sentence are unknown at this time. The allegations of the second sentence are denied.

10. Unknown at this time.

11. It is admitted only that a report was made to the police, and that that report speaks for itself. It is believed the police were furnished with a license plate number and a description of what was believed to be the type of truck involved. The balance of the allegations are denied.

12. It is admitted only that the terms of such letter speak for themselves.

13. The truth of the allegations of the first sentence are unknown at this time. As to truth of the the allegations of the second sentence, it is admitted only that the plaintiff was verbally abusive and profane to persons in the store.

14. Denied.

15. It is admitted that warrants were issued, but the copy of alleged Exhibit B referenced is illegible and defendant cannot consequently comment on same. It is unknown at this time as to all sources the police relied upon in causing the warrants to be issued. To the extent not admitted, the remaining allegations are denied.

16. Admitted.

17. It is admitted the defendant's employees testified twice. The balance of the allegations are denied.

18. It is admitted only that Exhibit C indicates that the petit larceny charge was nolle prossed and that the disorderly conduct charge with an offense date of 2/22/06 was dismissed. It is denied that said Exhibit shows that the disorderly conduct charge with an offense date of 2/21/06 was either dismissed or nolle prossed.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

By way of further answer and affirmative defense, it states it will rely upon the following defenses to the extent warranted by the law and the evidence:

23. Any allegation of the complaint not specifically admitted is denied.

24. It denies it is liable to the plaintiff in any way, shape or form.

25. Any actions of the defendant or its employees were taken in good faith and were based on probable cause.

26. It specifically denies it or its employees committed any malicious act against the plaintiff.

27. To the extent applicable, Section 8.01-226.9 of the Virginia Code exempts the defendant from liability.

28. It reserves the right to amend this pleading.

> 7-ELEVEN, INC.
> t/a 7-Eleven #33385
> f/k/a/ Southland Corporation
>
> BY: _____
> Counsel

James A. Howard, II, Esquire
VSB # 16495
HOWARD & HOWARD, P.C.
1206 Laskin Road., Ste. 220
Post Office Box 1170
Virginia Beach, VA 23451
TEL: (757)491-4300
FAX:(757)491-3115

## CERTIFICATION

I hereby certify that I mailed a true copy of the foregoing to counsel of record on February 20, 2008.

_____
Counsel